FILED

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

APR 24 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____T.T._____
DEPUTY CLERK

San antonio Division

Case No. SA25CA0453 JKP
(to be filled in by the Clerk's Office)

Henry B Berrocal, Et AL

**Plaintiff(s)**
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Nissan Motor Et AL

**Defendant(s)**
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Jury Trial: (check one) ✔ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Henry B Berrocal
   Street Address: 8402 Timber belt San antonio TX 78250
   City and County: San antonio Bexar county
   State and Zip Code: TX 78250
   Telephone Number: 210-773-25-25
   E-mail Address: berrocalhenry08@gmail.com

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Nissan Motors
- Job or Title (if known):
- Street Address: One Nissan Way
- City and County: Franklyn, County Williamson
- State and Zip Code: Tennesee 37067
- Telephone Number: 615 725 1000
- E-mail Address (if known):

Defendant No. 2
- Name: Jefferson Capital Systems
- Job or Title (if known):
- Street Address: 200 14th avenue east
- City and County: Sartell, Stearns County
- State and Zip Code: Minnesota 56377
- Telephone Number: 1 833 851 5552
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question     [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

4th and 14th ammendment of the USA, Truth Leanding Act and others see attachment

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiffs, *(name)* Henry B Berrocal, et all are citizens of the State of *(name)* Texas.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* Jefferson Capital System, is a citizen of the State of *(name)* Minnesotta. Or is a citizen of *(foreign nation)* _____.

b. If the defendant is a corporation

The defendant, *(name)* __Nissan Motor__, is incorporated under the laws of the State of *(name)* __Tennesee__, and has its principal place of business in the State of *(name)* __Tennesee__.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

2. Defendant Jefferson Capital System, Minnesota, incorporated and principal

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

See attachment

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attachment

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attachment

V.  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/24/25

Signature of Plaintiff   Henry B Berrocal
Printed Name of Plaintiff   Henry B Berrocal

B.  **For Attorneys**

Date of signing: _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Street Address   _____
State and Zip Code   _____
Telephone Number   _____
E-mail Address   _____

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

1. Henry B. Berrocal
2. Elegant Happy LLC
3. Cycle of Management
4. Humanity for Wisdom
Plaintiffs,

v.

1. Nissan Motors
2. Jefferson Capital Systems LLC
Defendants.

Explanation
This complaint is filed by Plaintiffs Henry B. Berrocal, Elegant Happy LLC, Cycle of Management, and Humanity for Wisdom against Defendants Nissan Motors and Jefferson Capital Systems LLC. The complaint arises from a series of unlawful actions, including an unauthorized vehicle repossession, breach of privacy, and violation of federal and state laws concerning consumer protection, financial transparency, and constitutional rights. Plaintiffs seek compensatory damages for losses incurred, punitive damages for the unlawful conduct, and injunctive relief to correct the violations and prevent further harm.

**COMPLAINT**

**I. JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction over related state claims).

Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within this district.

**II. FEDERAL LAW AND STATUTE VIOLATIONS**

**Count I: Violation of Consumer Financial Protection Laws**
Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., by engaging in unfair and deceptive collection practices, including denying lawful payment, misrepresenting account status, and seizing property without notice.

**Count II: Violation of the Fair Credit Reporting Act (FCRA)**
Defendants furnished and reported inaccurate credit information regarding the loan and repossession, in violation of the FCRA, 15 U.S.C. § 1681 et seq., which caused damage to Plaintiffs' credit and reputational harm.

**Count III: Violation of the Truth in Lending Act (TILA)**
Defendants failed to disclose material loan and sale terms and denied access to post-default account information, violating TILA provisions designed to ensure transparency in consumer lending.

**Count IV: Unlawful Repossession under Federal Common Law and Fourth Amendment**
Defendants unlawfully entered a locked private garage without notice, consent, or a court order, violating Plaintiffs' constitutional rights and common law protections against unauthorized government-style intrusion. This entry was conducted without regard for peaceful repossession, and this conduct constituted a breach of peace under Texas law. The U.S. Supreme Court in *Soldal v. Cook County*, 506 U.S. 56 (1992), held that the Fourth Amendment extends to protect property rights from unreasonable seizures by both governmental and non-governmental actors. This sets clear limits against warrantless or unlawful entry and seizure in civil repossession contexts. The violation of the Fourth Amendment applies to both government and non-government actors when engaging in conduct amounting to illegal seizure or breach of privacy expectations.

**Count V: Deceptive Practices and Retaliatory Conduct**
Defendants engaged in a pattern of unfair, deceptive, and retaliatory practices that disrupted Plaintiffs' businesses and financial stability, in violation of Dodd-Frank consumer protections and FDCPA standards.

**Count VI: Violation of the Uniform Commercial Code (UCC)**
Defendants violated Tex. Bus. & Com. Code § 9.609, which permits repossession only without breach of the peace. Entering a locked residential garage constitutes a breach of peace. Defendants further violated Tex. Bus. & Com. Code §§ 9.615 and 9.616 by failing to properly disclose the final sale terms, accounting of equity, and proceeds from disposition of the vehicle.

**Count VII: Common Law Conversion**
Defendants wrongfully exercised dominion and control over Plaintiffs' personal and business property located in the vehicle and garage at the time of repossession, depriving Plaintiffs of possession and use without lawful justification. This constitutes conversion under Texas law.

**Count VIII: Unjust Enrichment**
Defendants Nissan Motors and Jefferson Capital Systems LLC were unjustly enriched by the wrongful repossession and retention of both the Plaintiffs' vehicle and associated personal/business property. Despite Plaintiffs' equity interest and repeated attempts to tender payment, Defendants retained full benefit of the asset and converted proceeds without proper accounting or lawful justification.
By unlawfully entering Plaintiffs' private property and appropriating both the vehicle and the personal and business contents within, Defendants avoided their legal obligations under commercial and consumer protection law, while unjustly profiting at Plaintiffs' expense. This enrichment occurred without the consent of the rightful owner and without restitution or transparency.
The actions taken by Defendants reflect a deliberate effort to maximize financial gain through wrongful repossession, without regard to due process, statutory obligations, or the equity interests of Plaintiffs.
This cause of action is supported by federal precedent in *Bank of America, N.A. v. Finnegan*, 747 F.3d 853 (8th Cir. 2014), which recognizes that unjust enrichment arises when one party benefits at another's expense under circumstances that would render it inequitable to retain the benefit without restitution.
Plaintiffs are therefore entitled to restitution and full accounting for the unjust gains realized by Defendants through this unlawful conduct.

### III. Claims

**The Unauthorized Repossession:**

On or about June or July 2024, while Plaintiff Henry B. Berrocal was incarcerated, Defendants unlawfully repossessed Plaintiff's vehicle. Despite a prior advance payment of $5,000 made on December 25, 2023, and third-party efforts to cure any alleged default, the Defendants proceeded with repossession without any notice, opportunity to cure, or legal authorization.

**Value of Vehicle and Equity:**

The vehicle in question had a total value of $90,000, which included $80,000 for its market value and $10,000 in interior/exterior modifications and satellite equipment. The outstanding loan balance was approximately $60,000, creating an equity range of $30,000 to $35,000.

**Attempts to Tender Payment:**

In April and May of 2024, Plaintiff Henry B. Berrocal attempted to tender payment to Defendant Nissan Motors for the vehicle loan. However, Defendant Nissan Motors refused to accept any payment or engage in meaningful negotiation of terms, leading to the wrongful repossession.

**Unlawful Repossession during Incarceration:**

At the time of repossession, Plaintiff Berrocal was incarcerated. The repossession occurred without notice or opportunity to cure the alleged default. Moreover, it involved unauthorized entry into a private, locked residential garage. This forced repossession was executed without judicial process, consent, or prior notice, which constitutes a breach of peace under Texas UCC § 9.609 and violates both state and federal law.

**4th Fourth Amendment Violations - Unlawful Search and Seizure:**

Defendant Nissan's actions went beyond simply repossessing the vehicle and involved the unlawful entry into Plaintiff's private garage. This intrusion was conducted without reasonable justification, consent, or prior notice, amounting to an unlawful search and seizure under the Fourth Amendment of the U.S. Constitution. The unauthorized entry into the garage violated Plaintiffs' reasonable expectation of privacy. According to **Soldal v. Cook County**, 506 U.S. 56 (1992), the Fourth Amendment protects property rights against unreasonable seizures, whether by governmental or non-governmental actors.

**14th Amendment Violations – Denial of Due Process and Equal Protection:**

Defendants' actions in unlawfully repossessing Plaintiff Henry B. Berrocal's vehicle during his incarceration violated the Fourteenth Amendment's guarantee of due process and equal protection under the law. The unauthorized repossession occurred without notice or a meaningful opportunity for Plaintiff to contest the alleged default or seek judicial review, violating his right to procedural due process. Furthermore, the disparate impact of Defendants' actions, wherein they proceeded with repossession despite Plaintiff's prior payment and efforts to cure, highlights a violation of equal protection. Defendants treated Plaintiff differently, failing to extend

protections afforded to others in similar situations who were not incarcerated, constituting arbitrary and unjust discrimination.

In this case, the lack of due process in the repossession process and the failure to provide Plaintiff with an opportunity to challenge the repossession before it occurred constitute violations of fundamental rights under the Fourteenth Amendment. This unlawful action, which took place without proper notice or opportunity to remedy, compounded by the discriminatory nature of the repossession, warrants redress under federal constitutional protections.

**Loss of Property and Damage to Business Operations**:
As a result of this unlawful repossession and entry, Plaintiffs suffered damage to both personal and business property. Personal items, including business tools, records, and equipment, were taken in violation of Plaintiff's property rights. Additionally, the forced entry damaged the garage door and left it unsecured. This prompted a homeowner's insurance claim, which remains open with AAA insurance, to cover the vandalism, theft, and property damage.

**Lack of Financial Disclosure and Further Concealment**:
Despite the vehicle being repossessed, Defendants continue to bill Plaintiff over $11,000 without providing any explanation or detailed accounting for the disposition of the vehicle, including the final sale price and how equity was applied. The vehicle had an estimated $35,000 in equity, and Defendants have not disclosed how those funds were used or reimbursed, constituting further concealment and exploitation.

**Expenditures Incurred by Plaintiffs to Mitigate Losses**:
To mitigate the impact of the repossession and resume business operations, Plaintiffs purchased replacement vehicles, including a 2016 Chevy 2500 ($12,000), a 2011 Toyota Tundra ($10,000), and a 2015 Nissan Pathfinder ($7,000), totaling $30,000. These purchases were necessary to support essential business functions, such as construction, transportation, and disposal. Additional business-related expenditures to ensure continuity exceeded $81,000.

**Impact on Cycle of Management**:
Cycle of Management, a Plaintiff in this action, incurred operational expenses amounting to $81,000 and suffered a $320,000 margin loss as a direct result of the wrongful repossession and subsequent disruptions. The total compensatory damages for this Plaintiff are $401,000. Plaintiffs seek $2,005,000 in punitive damages for this Plaintiff.

**Impact on Elegant Happy LLC**:
Elegant Happy LLC, another Plaintiff, lost rental income of $8,000 per month since June 2024, totaling over $80,000 in compensatory damages as of April 2025. Plaintiffs seek $400,000 in punitive damages for this Plaintiff, in accordance with the 5x compensatory damages request.

**Impact on Henry B. Berrocal**:
Henry B. Berrocal, as an individual Plaintiff, incurred personal and business losses totaling $150,000. Plaintiffs seek $750,000 in punitive damages (5x compensatory) to address

emotional distress, personal distraction, and other damages as set forth in this complaint.

**Supporting Documentation**:
Plaintiffs have bank statements, transaction records, and other documentation to substantiate these losses and claims.

**Relief Sought**:
Plaintiffs seek injunctive relief requiring Defendants to disclose the final sale price of the repossessed vehicle, including an accounting of equity, proceeds from sale, and any related records.

## IV. DAMAGES AND RELIEF REQUESTED

**Compensatory Damages:**
- $150,000 for Henry B. Berrocal
- $401,000 for Cycle of Management
- $80,000 for Elegant Happy LLC
- $200,000 for Humanity for Wisdom

**Punitive Damages (5x Compensatory):**
- $750,000 for Henry B. Berrocal
- $2,005,000 for Cycle of Management
- $400,000 for Elegant Happy LLC

**Equitable and Injunctive Relief:**
- Disclosure of final sale price, equity, and financial accounting of the repossessed vehicle.
- Cease and desist all collection efforts and contact related to the repossessed vehicle.
- Enjoin Defendants from retaliatory conduct, including derogatory credit reporting.
- Require correction and restoration of Plaintiffs' credit files to remove false entries.
- Compel return or reimbursement for all property taken with the vehicle.
- Require notification to all third parties who received misinformation about Plaintiffs.
- Prohibit Defendants from selling or transferring any account or balance related to the repossession.
- apology letter from each defendant

**Attorney's Fees and Court Costs**
**Any further relief deemed just and proper.**

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:
- Award compensatory and punitive damages as outlined;
- Grant injunctive and equitable relief including sale disclosure;
- Award attorney's fees and court costs;
- Provide any additional relief as the Court deems just.

## VI. SUPPORTING FEDERAL CASE LAW

- *Morales v. Transworld Sys., Inc.*, 506 F.3d 203 (3rd Cir. 2007) – Establishes that consumer collection actions must not involve unfair or deceptive practices under Dodd-Frank.
- *Cavalry Portfolio Servs., LLC v. Kim*, 667 F.3d 800 (7th Cir. 2012) – Clarifies liability for furnishing inaccurate credit reports under the Fair Credit Reporting Act (FCRA).
- *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012) – Highlights federal jurisdiction over deceptive consumer finance practices under the Truth in Lending Act (TILA).
- *Olivier v. United States*, 2010 WL 2632310 (W.D. Wash. 2010) – Upholds the rule that repossession agents may not breach the peace when reclaiming property.
- *Camara v. Municipal Court*, 387 U.S. 523 (1967) – Requires warrants for entering a private residence, which supports Plaintiff's unlawful entry claim.
- *Baker v. Babcock*, 197 F.3d 195 (5th Cir. 1999) – Supports claims for property trespass and damages resulting from unlawful interference.
- *Bank of America, N.A. v. Finnegan*, 747 F.3d 853 (8th Cir. 2014) – Recognizes unjust enrichment as a valid claim when benefits are retained without lawful justification.

Respectfully submitted,
Henry B. Berrocal
berrocalhenry08@gmail.com
210-773-1148
Pro Se Plaintiff