UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**HENRY B. BERROCAL,**

    *Plaintiff*,

v.                                                  Case No. 5:25-CV-00453-JKP

**NISSAN MOTORS, JEFFERSON
CAPITAL SYSTEMS,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Nissan Motors and Jefferson Capital Systems' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF No. 26*. Plaintiff[1] Henry B. Berrocal filed a Response, to which Defendants Nissan Motors and Jefferson Capital Systems filed a Reply. *ECF Nos. 31, 35*. Upon consideration, Defendants Nissan Motors and Jefferson Capital Systems' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 26*), shall be granted-in-part and denied-in-part.

## BACKGROUND

This case arises out of Defendants Nissan Motors and Jefferson Capital Systems' alleged repossession of a vehicle owned by Plaintiff Henry B. Berrocal ("Berrocal") during Berrocal's incarceration. *See, generally, ECF No. 20*. The facts, taken from Berrocal's Amended Complaint and in the light most favorable to him, are as follows. *Id*.

---

[1] The Court notes Mr. Berrocal also lists "Elegant Happy LLC," "Cycle of Management," and "Humanity for Wisdom" as plaintiffs. *ECF No. 20*. As the Court has noted in Mr. Berrocal's other cases before this Court, "[a]though Berrocal proceeds *pro se*, these named LLC Plaintiffs have not formally appeared, and further, cannot appear in federal court without an attorney. *Memon v. Allied Domesq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Consequently, this Court will only consider Berrocal as a valid Plaintiff." *See Cause No. 5:23-CV-01319, ECF No. 86 at 2 n.1*.

Berrocal claims while incarcerated in mid-2024, Defendants Nissan Motors and Jefferson Capital Systems ("Defendants") "forcibly repossessed [Berrocal's] vehicle without providing notice or a legal opportunity to cure." *ECF No. 20 at 1*. Per Berrocal, "the repossession involved unauthorized entry into a locked private garage at [his] residence at 8402 Timber Belt, San Antonio, Texas." *Id.* Berrocal further claims to have "made a $5,000 payment in December 2023" and "third parties" attempted to cure any alleged default. *Id.*

As a result of the repossession, Berrocal alleges "[p]ersonal losses of property, tools, and irreplaceable items stored in the garage and vehicle," "business disruptions" for his businesses, and "[r]epeated property damage and multiple intrusions at the Timber Belt address, following the repossession, enabled by the forced garage entry which left the home vulnerable to further trespassers, vandalism, and theft." *Id.*

In his Amended Complaint, Berrocal asserts eight (8) causes of action against Defendants:

1) Violation of the Fair Debt Collection Practices Act;

2) Violation of the Fair Credit Reporting Act;

3) Violation of the Truth in Lending Act;

4) Unlawful Repossession;

5) Deceptive Practices and Retaliatory Conduct;

6) Violation of the Uniform Commercial Code;

7) Conversion; and

8) Unjust Enrichment.

*ECF No. 20 at 4–6.*

Defendants now move to dismiss Berrocal's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *ECF No. 26*.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8.

To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing

them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

The Court addresses each of Defendants' arguments in turn.

### I. Violation of the Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., prohibits a debt collector, defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,"[2] from using any false or misleading representations or unfair practices[3]

---

[2] 15 U.S.C. § 1692a(6). However, this definition contains a number of exceptions. *See id.* at subsections (A)-(F).

[3] *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt . . . the following conduct is a violation of this section: ... (2) The false representation of-- (A) the character, amount, or legal status of any debt; . . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . "). *See also* 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . . ").

(among other prohibitions) in connection with collecting or attempting to collect a debt from a consumer.[4]

To state a claim under the FDCPA, a plaintiff must show: (1) that he or she is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated at least one of the provisions of the FDCPA. *Blount v. Flagship Credit Acceptance*, No. 3:20-CV-00676, 2021 WL 4163989, at *3 (M.D. La. Aug. 3, 2021), *R. & R. adopted*, No. 3:20-CV-00676, 2021 WL 4163570 (M.D. La. Sept. 13, 2021).[5] FDCPA violations include, but are not limited to, prohibitions regarding: (1) the time and manner of collection activity;[6] (2) direct communication with consumers;[7] (3) engaging in conduct resulting in harassment or abuse;[8] (4) the use of false, deceptive, misleading representations and/or threats to take unavailable or unintended actions;[9] and (5) the use of unfair or unconscionable means.[10]

Liberally construing Berrocal's allegations in his Amended Complaint as true, Defendants are correct that Berrocal has failed to state a claim under the FDCPA. *See ECF No. 26 at 6–9*. In his Amended Complaint, related to this cause of action, Berrocal states:

> Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., by engaging in unfair and deceptive collection practices, including denying lawful payment, misrepresenting account status, and seizing property without notice.

---

[4] 15 U.S.C. § 1692a(3) (defining "consumer" as any natural person obligated or allegedly obligated to pay any debt) and 15 U.S.C. § 1692(5) (defining "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment).
[5] *See* 128 Am. Jur. Trials 243 *and see Jackson v. Bank of Am., N.A.*, No. 3:15-CV-00346, 2017 WL 1173933, at *2 (M.D. La. Mar. 28, 2017) ("In order to state a claim under the FDCPA, Jackson must allege that '(1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a 'debt collector' as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act.'").
[6] 15 U.S.C. § 1692c.
[7] 15 U.S.C. § 1692c.
[8] 15 U.S.C. § 1692d.
[9] 15 U.S.C. § 1692e.
[10] 15 U.S.C. § 1692f.

*ECF No. 20 at 4*. Here, Berrocal's Amended Complaint does not allege he meets the statutory definition of a consumer, the nature/type of debt at issue, or that either Defendant meets the statutory definition of a debt collector. The Court notes, in general, a creditor attempting to collect its own debts is not a debt collector under the FDCPA. *Haynes v. Am.'s Car-Mart, Inc.*, No. 5:24-CV-00067, 2024 WL 4729491, at *3 (E.D. Tex. Sept. 23, 2024), *R. & R. adopted*, No. 5:24-CV-00067, 2024 WL 4533301 (E.D. Tex. Oct. 21, 2024) (internal citations omitted).[11]

Accordingly, in this regard, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 20*), shall be granted.

## II.   Violation of the Fair Credit Reporting Act

The Fair Credit Reporting Act ("FCRA") imposes duties on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. *See* 15 U.S.C. § 1681 *et seq*. Although the FCRA does not precisely define "furnishers of information," "courts in the Fifth Circuit have defined the term broadly to mean an entity that transmits information concerning a particular debt owed by a particular consumer to a credit reporting agency." *Beard v. Experian Info. Sols. Inc.*, No. 2:23-CV-01306, 2023 WL 8827762, at *4 (E.D. La. Dec. 21, 2023) (quotations cleaned up) (collecting cases).

Under the FCRA, a plaintiff may bring a private action against a furnisher of information where (1) the plaintiff disputed information on a report with a credit reporting agency; (2) the credit reporting agency notified the furnisher of information of the dispute; and (3) the furnisher of information failed to conduct an investigation, correct inaccurate information, or notify the credit reporting agency of the results of the investigation. *See Hall v. LVNV Funding, L.L.C.*, 738 F. App'x 335, 335-36 (5th Cir. 2018) (quoting 15 U.S.C. § 1681s-2(b)(1)(A)-(E)).

---

[11] The Supreme Court in *Henson v. Santander Consumer USA Inc.*, 582 U.S.79 (2017), held the defendant must be attempting to collecting debts owed "another" (not on its own behalf) to qualify as a debt collector.

Liberally construing Berrocal's allegations in his Amended Complaint as true, Defendants are correct that Berrocal has failed to state a claim under the FCRA. *See ECF No. 26 at 9–11*. In his Amended Complaint, related to this cause of action, Berrocal states:

> Defendants furnished and reported inaccurate credit information regarding the loan and repossession, in violation of the FCRA, 15 U.S.C. § 1681 et seq., which caused damage to Plaintiffs' credit and reputational harm.

*ECF No. 20 at 4*. Here, Berrocal's Amended Complaint does not allege any of the necessary elements for this cause of action. The Court notes, under an FCRA claim, a plaintiff can only bring a private action after the plaintiff disputes the information on the report with a credit reporting agency. *See Hall*, 738 F. App'x at 335-36 (quoting 15 U.S.C. § 1681s-2(b)(1)(A)-(E)). Berrocal does not state a plausible FCRA claim because he does not allege he disputed the information on any report with a credit reporting agency. Further, plaintiff does not allege that a credit reporting agency notified Defendants of the dispute, which is the second element of a FCRA cause of action. Therefore, Berrocal's FCRA cause of action must be dismissed.

Accordingly, in this regard, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 20*), shall also be granted.

### III.  Violation of the Truth in Lending Act

The general purpose of the Truth in Lending Act ("TILA") is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The TILA has various provisions that include the right to rescind certain transactions within three business days and that require creditors to disclose certain finance charges, such as insurance premiums, to consumers. *Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-04082, 2022 WL

17730574, at *3 (S.D. Tex. Aug. 31, 2022), *appeal dismissed*, No. 23-20266, 2023 WL 8618541 (5th Cir. July 7, 2023) (citation omitted).

The TILA and its implementing regulations apply to "each individual or business that offers or extends credit when four conditions are met: (i) the credit is offered or extended to consumers; (ii) the offering or extension of credit is done regularly; (iii) the credit is subject to a finance charge or is payable by a written agreement in more than four installments; and (iv) the credit is primarily for personal, family, or household purposes." *Hardaway v. Toyota Fin. Servs.*, No. 4:21-CV-00194, 2022 WL 317758, at *2 (E.D. Tex. Feb. 2, 2022) (quoting 12 C.F.R. § 226.1(c); also citing 15 U.S.C. § 1603; 12 C.F.R. § 226.3)).

Liberally construing Berrocal's allegations in his Amended Complaint as true, Defendants are correct that Berrocal has failed to state a claim under the TILA. *See ECF No. 26 at 4–5*. In his Amended Complaint, related to this cause of action, Berrocal states:

> Defendants failed to disclose material loan and sale terms and denied access to post-default account information, violating TILA provisions designed to ensure transparency in consumer lending.

*ECF No. 20 at 4–5*. Here, reviewing Berrocal's Amended Complaint in the light most favorable to him, the Court agrees with Defendants that the allegations are conclusory and vague. Indeed, Berrocal does little more than merely allege TILA in his Amended Complaint.[12] Berrocal does not even attempt to allege the elements of his cause of action or in what manner the factual allegations apply to a cause of action under the TILA.

Accordingly, in this regard, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 20*), shall also be granted.

---

[12] *See Smith v. GM Fin.*, No. 5:23-CV-01598, 2024 WL 3588344, at *3 (W.D. La. July 30, 2024) (citing *Jones v. Caliber Home Loans, Inc.*, No. CV 18-CV-01023, 2020 WL 4342219, at *10 (M.D. La. July 28, 2020)) (stating the TILA covers multiple chapters and over 1,500 pages, a defendant must be put on notice of the grounds of a plaintiff's purported entitlement to relief, and the plaintiff did not identify what chapter or section of the TILA under which he was proceeding).

**IV.     Unlawful Repossession**

The Fourth Amendment "proscrib[es] only governmental action." *Heidi Group, Inc. v. Texas Health and Human Services Comm'n*, 138 F.4th 920, 931 (5th Cir. 2025) (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). Thus, a "wrongful search or seizure by a *private* party" cannot violate a person's Fourth Amendment rights. *United States v. Cordova-Espinoza*, 49 F.4th 964, 968 (5th Cir. 2022) (per curiam) (emphasis in original). However, "of course, the Government cannot use private individuals as agents to circumvent Fourth Amendment protections." *Ibid.* If a government official uses a private individual as an agent in conducting a search, both the agent and the government official have engaged in state action constituting a search. *See Watts v. Northside Indep. Sch. Dist.*, 37 F.4th 1094, 1096–97 (5th Cir. 2022).

Liberally construing Berrocal's allegations in his Amended Complaint as true, Defendants are correct that Berrocal has failed to state a claim. *See ECF No. 26 at 12*. In his Amended Complaint, related to this cause of action, Berrocal states:

> Defendants unlawfully entered a locked private garage without notice, consent, or a court order, violating Plaintiffs' constitutional rights and common law protections against unauthorized government-style intrusion. This entry was conducted without regard for peaceful repossession, and this conduct constituted a breach of peace under Texas law. The U.S. Supreme Court in *Soldal v. Cook County*, 506 U.S. 56 (1992), held that the Fourth Amendment extends to protect property rights from unreasonable seizures by both governmental and non-governmental actors. This sets clear limits against warrantless or unlawful entry and seizure in civil repossession contexts. The violation of the Fourth Amendment applies to both government and non-government actors when engaging in conduct amounting to illegal seizure or breach of privacy expectations.

*ECF No. 20 at 5*. Here, Berrocal does not allege Defendants' alleged repossession efforts were carried out by the state or under the color of law. While Berrocal cites the Supreme Court's decision in *Soldal v. Cook County*, 506 U.S. 56 (1992), in that case the Supreme Court noted "[t]he complaint here alleges that respondents [acted] under color of state law." *Id. at 72*. In his

9

Amended Complaint, Berrocal does not. Further, the Court notes Berrocal does not assert a cause of action based on 42 U.S.C. § 1983. *See ECF No. 20 at 5*.

Accordingly, in this regard, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 20*), shall also be granted.

### V.    Deceptive Practices and Retaliatory Conduct

"The Dodd-Frank Act provides incentives and protections for securities whistleblowers." *Smith v. Texas Capital Loans, LLC*, No. 4:24-CV-02757, 2025 WL 1914784, at *5 (S.D. Tex. May 20, 2025), *R. & R. adopted*, No. 4:24-CV-02757, 2025 WL 1793152 (S.D. Tex. June 30, 2025) (citing *Buchanan v. Sterling Constr. Co., Inc.*, No. 16-CV-3429, 2017 WL 6888308, at *2 (S.D. Tex. July 26, 2017)). Notably, "[t]he Dodd-Frank whistleblower protections only extend 'to those individuals who provide information relating to a violation of the securities laws to the SEC.'" *Id.* (quoting *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 623 (5th Cir. 2013)).

Liberally construing Berrocal's allegations in his Amended Complaint as true, Defendants are correct that Berrocal has failed to state a claim. *See ECF No. 26 at 12*. In his Amended Complaint, related to this cause of action, Berrocal states:

> Defendants engaged in a pattern of unfair, deceptive, and retaliatory practices that disrupted Plaintiffs' businesses and financial stability, in violation of Dodd-Frank consumer protections and FDCPA standards

*ECF No. 20 at 5*. Here, Berrocal's Amended Complaint is devoid of any facts as to the conduct required under the Dodd-Frank Act to qualify as a whistleblower. *See, generally, ECF No. 20*. Where allegations are vague and unclear as to how the Dodd-Frank Act applies, courts have dismissed. *Smith*, 2025 WL 1914784, at *5; *Stroupe v. Borchert*, No. CV 23-265, 2023 WL 4264548, at *3 (E.D. La. June 29, 2023). To the extent Berrocal is reasserting his FDCPA cause of action, Count I, the Court again finds he does not state a claim for the reasons stated above.

Accordingly, in this regard, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 20*), shall also be granted.

## VI.  Violations of the Uniform Commercial Code

Tex. Bus. & Com. Code § 9.609, titled "Secured Party's Right to Take Repossession After Default, provides, among other things, that after default a secured party may take possession of collateral "without judicial process, if it proceeds without breach of the peace." Tex. Bus. & Com. Code §§ 9.615 and 9.616 describe (1) the application of proceeds of the disposition of assets, (2) along with the circumstances where a debtor or consumer obligor is entitled to an explanation regarding the disposition of assets.

Tex. Bus. & Com. Code § 9.625 addresses what damages may be recovered based on a secured party's breach of the peace in connection with taking possession of collateral. Such damages are "those reasonably calculated to put an eligible claimant in the position that it would have occupied had no violation occurred." Tex. Bus. & Com. Code § 9.625, cmt. 3. The statute makes clear that actual damages may be recovered, which includes recovery for personal injuries.[13]

### A.  Tex. Bus. & Com. Code § 9.609

Regarding Tex. Bus. & Com. Code § 9.609, Berrocal's Amended Complaint states:

> On or about June or July 2024, while Plaintiff Berrocal was incarcerated (from January 6, 2024, to February 2025), Defendants Nissan Motors and Jefferson Bank unlawfully repossessed Plaintiff's vehicle. The vehicle was stored inside a locked residential garage at 8402 Timber Belt at the time of repossession. Defendants forcibly entered the garage without Plaintiffs knowledge, consent, or any judicial order.

*ECF No. 20 at 2*.

---

[13] *Fair Deal Auto Sales v. Brantley*, 24 S.W.3d 543, 546 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *see also Price Auto Sales, Inc. v. Sanders,* 2012 WL 3734388, (Tex. App.-Dallas 2012, no pet) (unpublished) (affirming trial court's award of damages for personal injury sustained during the repossession of a vehicle where the repossession agent committed a breach of the peace).

11

Texas courts have found a breach of the peace can occur in the context of a repossession "by breaking into a locked garage, removing the car therefrom and causing a substantial amount of damage to the plaintiff's garage in the process." *Meyers v. Ford Motor Credit Co.*, 619 S.W.2d 572, 574 (Tex. Civ. App.—Hous. [14th Dist.] 1981), *abrogated on other ground by Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302 (Tex. 1988); *cf. Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 783 (Tex. App.—Dallas 1994, no writ) (citing *Meyers* and stating that pleadings alleging that repossession agents demolished improvements to real property while repossessing mobile home adequately asserted breach of peace).

Attached to Defendants' Motion to Dismiss is a Quit Claim Deed executed on December 29, 2022. *ECF No. 26-1*. The Quit Claim Deed indicates Berrocal deeded the residence located at 8402 Timber Belt to "HumanityforWidsomCommunityCenterHealthandHumanServices, a Non-Profit Corporation." *Id. at 2*. While Court finds the Quit Claim Deed to be some evidence that Berrocal did not own the property on December 29, 2022, in his Amended Complaint Berrocal states the repossession took place in "June or July 2024." *ECF No. 20 at 2*. Accordingly, regarding Tex. Bus. & Com. Code § 9.609, the Court finds Berrocal's cause of action, asserted in his individual capacity,[14] may proceed at this time.

### B.   Tex. Bus. & Com. Code § 9.609

Regarding Tex. Bus. & Com. Code §§ 9.615 and 9.616, Berrocal's Amended Complaint states:

> Defendants further violated Tex. Bus. & Com. Code § 9.615 and 9.616 by failing to properly disclose the final sale terms, accounting of equity, and proceeds from disposition of the vehicle.

---

[14] The Court agrees with Defendants that Berrocal and not the LLC plaintiffs can pursue this cause of action. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (it is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney").

12

*ECF No. 20 at 5*.

As to Tex. Bus. & Com. Code § 9.615, the Court agrees with Defendants that Berrocal wholly fails to explain how any proceeds were misapplied in accordance with this statute. *ECF No. 20 at 2*.

Next, Tex. Bus. & Com. Code § 9.616(b) specifically states:

In a consumer-goods transaction in which the debtor is entitled to a surplus or a consumer obligor is liable for a deficiency under Section 9.615, the secured party shall:

>(1) send an explanation to the debtor or consumer obligor, as applicable, after the disposition and:
>
>>(A) before or when the secured party accounts to the debtor and pays any surplus or first makes written demand on the consumer obligor after the disposition for payment of the deficiency; and
>>
>>(B) within 14 days after receipt of a request; or
>
>(2) in the case of a consumer obligor who is liable for a deficiency, within 14 days after receipt of a request, send to the consumer obligor a record waiving the secured party's right to a deficiency.

Here, reviewing Berrocal's Amended Complaint in the light most favorable to him, the Court agrees with Defendants that the allegations are conclusory and vague. For example, Berrocal does not claim he is entitled to a surplus or liable for a deficiency. *ECF No. 20 at 5*. He also does not claim to have ever requested an explanation. *Id*.

Accordingly, in this regard, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 20*), shall be granted-in-part and denied-in-part. Berrocal's cause of action for breach of the peace only, shall proceed. *See* Tex. Bus. & Com. Code §§ 9.609 and 9.625.

## VII.   Conversion

Conversion is the "'unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights.'" *Wells Fargo Bank Nw., N.A. v. RPK Capital XVI, LLC*, 360 S.W.3d 691, 699 (Tex. App.—Dallas 2012, no pet.) (quoting *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971)).

To establish a claim for conversion, a plaintiff must prove that (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Grand Champion Film Prod., L.L.C. v. Cinemark USA, Inc.*, 257 S.W.3d 478, 485 (Tex. App.—Dallas 2008, no pet.). The plaintiff also must establish it was injured by the conversion. *United Mobile Networks, LP. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1997) (per curiam); *Wells Fargo Bank Nw., N.A. v. RPK Capital XVI, LLC*, 360 S.W.3d 691, 699 (Tex. App.—Dallas 2012, no pet.).

Liberally construing Berrocal's allegations in his Amended Complaint as true, Defendants are correct that Berrocal has failed to state a claim. *See ECF No. 26 at 12*. In his Amended Complaint, related to this cause of action, Berrocal states:

> Defendants wrongfully exercised dominion and control over Plaintiffs' personal and business property located in the vehicle and garage at the time of repossession, depriving Plaintiffs of possession and use without lawful justification. This constitutes conversion under Texas law.

*ECF No. 20 at 5*. Here, Berrocal's Amended Complaint is silent on whether he demanded return of the vehicle and whether either Defendant refused the vehicle's return. *ECF No. 20 at 5*. There is nothing in Berrocal's Response addressing this argument from Defendants. *See ECF No. 31*.

Accordingly, in this regard, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 20*), shall also be granted.

## VIII. Unjust Enrichment

Texas law is not completely clear whether an independent and generally applicable cause of action for unjust enrichment exists. Some courts, including the Texas Supreme Court and the Fifth Circuit, have acknowledged such claims. *See, e.g., Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550 (5th Cir. 2010); *Elledge v. Friberg–Cooper Water Supply Corp.,* 240 S.W.3d 869, 870 (Tex. 2007); *Pepi Corp. v. Galliford,* 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("Unjust enrichment is an independent cause of action.").

Whether unjust enrichment is characterized as a cause of action or a theory of recovery, the elements are clear. Unjust enrichment is an implied-contract basis for requiring restitution when it would be unjust to retain benefits received. *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.). Unjust enrichment allows recovery "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992). It is "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 740 (Tex. 2005) (internal quotation marks omitted). However, unjust enrichment is not a proper remedy merely because it "might appear expedient or generally fair that some recompense be afforded for an unfortunate loss" to the claimant, or because the benefits to the party sought to be charged amount to a windfall. *Heldenfels Bros.,* 832 S.W.2d at 42. Unjust enrichment does not operate to rescue a party from the consequences of a bad bargain, and the enrichment of one party at the expense of the other is not unjust if the parties have an express contract that permits it. *Burlington N. R.R. Co. v.*

15

*Sw. Elec. Power Co.,* 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd,* 966 S.W.2d 467 (Tex. 1998). "The simplest case of unjust enrichment liability is the mistaken payment. The plaintiff, thinking she owes the defendant $100, pays that amount, but in fact she does not owe anything. But the transfer takes effect as such, so that the defendant becomes the owner of the money."[15] Unjust enrichment includes a transfer to the defendant by the plaintiff, resulting in a material gain to the defendant and material loss by the plaintiff.

Liberally construing Berrocal's allegations in his Amended Complaint as true, Defendants are correct that Berrocal has failed to state a claim. *See ECF No. 26 at 12*. In his Amended Complaint, related to this cause of action, Berrocal states:

> Unjust Enrichment Defendants Nissan Motors and Jefferson Capital Systems LLC were unjustly enriched by the wrongful repossession and retention of both the Plaintiffs' vehicle and associated personal/business property. Despite Plaintiffs' equity interest and repeated attempts to tender payment, Defendants retained full benefit of the asset and converted proceeds without proper accounting or lawful justification. By unlawfully entering Plaintiffs' private property and appropriating both the vehicle and the personal and business contents within, Defendants avoided their legal obligations under commercial and consumer protection law, while unjustly profiting at Plaintiffs' expense. This enrichment occurred without the consent of the rightful owner and without restitution or transparency. The actions taken by Defendants reflect a deliberate effort to maximize financial gain through wrongful repossession, without regard to due process, statutory obligations, or the equity interests of Plaintiffs. This cause of action is supported by federal precedent in *Bank of America, N.A. v. Finnegan*, 747 F3d 853 (8th Cir. 2014), which recognizes that unjust enrichment arises when one party benefits at another's expense under circumstances that would render it inequitable to retain the benefit without restitution. Plaintiffs are therefore entitled to restitution and full accounting for the unjust gains realized by Defendants through this unlawful conduct.

*ECF No. 20 at 5–6.*

Even assuming that an unjust enrichment claim is an independent cause of action, Berrocal has failed to articulate with sufficient particularity what acts of fraud, duress, or taking of undue advantage are alleged to have been committed by each Defendant. *See ECF No. 20 at 5–6;*

---

[15] Lionel Smith, *Restitution: The Heart of Corrective Justice,* 79 Tex. L. Rev. 2115, 2141 (2001) (footnote omitted).

*ECF No. 31 at 5–6*; *see also In re BJ Services, LLC*, No. 20-33627, 2023 WL 2311986, at *4 (Bankr. S.D. Tex. Mar. 1, 2023); *Garcia v. Bank of Am., N.A.*, No. 4:14-CV-02160, 2015 WL 12808271, at *2 (S.D. Tex. Mar. 23, 2015). Further, Berrocal references a loan agreement through his Amended Complaint. *ECF No. 20 at 2, 3, 4, 5*.

Accordingly, in this regard, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 20*), shall also be granted.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 26*), is **GRANTED-IN-PART** and **DENIED-IN-PART**. Berrocal's cause of action for breach of the peace only, shall proceed. *See* Tex. Bus. & Com. Code §§ 9.609 and 9.625.

Defendants' duplicative Joint Motion to Dismiss, (*ECF No. 40*), is **DENIED AS MOOT**.

It is so ORDERED.
SIGNED this 23rd day of October, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE