**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**HENRY B. BERROCAL,**

***Plaintiff*,**

**v.** **Case No. 5:25-CV-00453-JKP**

**NISSAN MOTORS, JEFFERSON CAPITAL SYSTEMS,**

***Defendants*.**

**O R D E R**

Before the Court is Plaintiff Henry B. Berrocal's ("Berrocal") "Plaintiff's Objections to the Magistrate Judge's July 8, 2026, Order (Dkt. 80), Motion for Mandatory Recusal Of Magistrate Judge Farrer, and Notice of Intent to Pursue Interlocutory Leave to Appeal," (*ECF No. 82*). Upon careful review, the Court will overrule Berrocal's objections.

**LEGAL STANDARD**

A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."). This deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see* Fed. R. Civ. P. 72(a).

## DISCUSSION

In his objections, Berrocal first requests the Court review Judge Farrer's July 8, 2026, Order denying Berrocal's "Motion to Compel Discovery, Motion for Sanctions Under Rule 37, and Motion to Modify Scheduling Order," (*ECF No. 69*). *See ECF No. 82* at 1. Berrocal next requests Judge Farrer be mandatorily recused from this matter. *Id*. at 3. Finally, Berrocal indicates he is contemplating pursuing an interlocutory appeal. *Id*. at 3.

### I. Denial of "Motion to Compel Discovery, Motion for Sanctions Under Rule 37, and Motion to Modify Scheduling Order," (*ECF No. 69*).

Berrocal filed his "Motion to Compel Discovery, Motion for Sanctions Under Rule 37, and Motion to Modify Scheduling Order," (*ECF No. 69*), the subject of this appeal on May 20, 2026. Prior to this, Judge Farrer warned Berrocal at least twice that although he proceeds *pro se* he is still expected to adhere to the local rules of this Court and the Federal Rules of Civil Procedure.

For example, on September 2, 2025, Judge Farrer issued an Order addressing several of Berrocal's pending motions which stated:

> Any further failure by any party to comply with applicable rules of procedure, whether they be the Local Rules of the Western District of Texas or the Federal Rules of Civil Procedure, will result in the Court striking the noncompliant filing, and may result in the imposition of further sanctions against the filer. Continued baseless or unsupported (procedurally or substantively) filings threaten to interfere with the Court's effective management of its docket. In particular, the Court will strike from the docket any further motion that lacks the required certification indicating that a conference with the opposing party was conducted prior to the motion's filing. Local Rule CV-7(g) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court . . . that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.").

*ECF No. 38* at 4. Next, on December 3, 2025, Judge Farrer issued another Order addressing several of Berrocal's pending motions which stated:

> The Court previously warned Plaintiff Berrocal that the "Court will strike from the docket any further motion that lacks the required certification indicating that a conference with the opposing party was conducted prior to the motion's filing." See Dkt. No. 38 at 4. The Order also states that "[a]ny further failure ***by any party*** to comply with applicable rules of procedure, whether they be the Local Rules of the Western District of Texas or the Federal Rules of Civil Procedure, will result in the Court striking the noncompliant filing, and may result in the imposition of further sanctions against the filer." *Id.*; see also Local Rule CV-7(g) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court . . . that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.").
>
> There is no indication that the parties complied with the Court's Standing Order, Dkt. No. 4, and Local Rule CV-7(g), and the motions contain no Certificate of Conference. As such, Plaintiff Berrocal's motions at docket entry Nos. 42, 43, & 44 shall be **STRUCK**.

*ECF No. 51* at 2–3. A review of Berrocal's "Motion to Compel Discovery, Motion for Sanctions Under Rule 37, and Motion to Modify Scheduling Order," (*ECF No. 69*), the subject of this appeal, reveals it similarly contains no certificate of conference. It therefore cannot be said Judge Farrer's ruling is clearly erroneous or contrary to law. While Berrocal includes a short discussion regarding conferral ahead of the parties' preparing of their Joint Alternative Dispute Resolution Report, Berrocal includes no details relating to conferral ahead of his filing of the instant Motion under review. *See ECF No. 69* at 3, 14–18; *see also ECF Nos. 66, 67, 68*.

The Court further notes the additional discovery sought in Berrocal's Motion to Compel Discovery reflects fundamental misunderstandings of discovery rules and a lack of legal research into them. For example, Berrocal complains Defendants list "Corporate Representatives" as witnesses, but "[i]f a particular corporate person has discoverable information – that any corporate representative could supply – then the disclosing party has provided a 'name' for that corporate person by listing it and disclosing a 'corporate representative' for that entity." *ECF No. 69* at 1; *Everest Reinsurance Co. v. Cox*, 350 F.R.D. 541, 553 (N.D. Tex. 2025).

The Court offers this one example as it is under no obligation to further explain discovery rules to Berrocal.

The Court notes it has been assigned other cases of Mr. Berrocal's in the past and that adhering to the applicable rules will ensure his arguments are presented properly before the Court and addressed in an efficient manner.

## II. Motion for Mandatory Recusal Of Magistrate Judge

Berrocal also states "Magistrate Judge Farrer must be immediately recused from this case." *ECF No. 69* at 3. Berrocal claims "[t]he Magistrate Judge's conduct on July 7, 2026, [at a hearing on his "Motion to Compel Discovery, Motion for Sanctions Under Rule 37, and Motion to Modify Scheduling Order," (*ECF No. 69*)] combined with the text of [his July 8, 2026 Order, (*ECF No. 80*)], demands immediate mandatory recusal under 28 U.S.C. § 455." *Id*. at 4. Berrocal states Judge Farrer previously was recused in *Berrocal et al. v. Auto Club Country Mutual Insurance Company*, Case No. 5:25-CV-00474, but a review of the record in that cases indicates that is false.

Section 455 of Title 28 of the United States Code directs a judge to disqualify himself or herself "in any proceeding in which [his or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Certain specific circumstances require that the judge recuse, including where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard for determining whether a judge should recuse based on Section 455 is "whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999) (quoting *Vieux Carre Property Owners, Residents, and Assocs., Inc. v. Brown*, 948 F. 2d 1436, 1448 (5th Cir. 1991)).

Judicial rulings, courtroom administration efforts, and ordinary admonishments to counsel and to witnesses are not valid bases for motions to recuse for personal bias or prejudice. *See Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994) ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune [from establishing a bias]."); *see also Raborn v. Inpatient Mgmt. Partners Inc.*, 352 Fed. Appx. 881, 884 (5th Cir. 2009) (unpublished) (quoting *Liteky*, 114 S. Ct. at 1157, as stating that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). "A motion to disqualify brought under 28 U.S.C. § 455 is 'committed to the sound discretion of the district judge,'" and the Fifth Circuit reviews for abuse of discretion. *Bey v. Prator*, 53 F.4th 854 (5th Cir. 2022).

Reviewing Berrocal's objections, the actions of which Berrocal complains are judicial in nature, rather than personal. The Court reviewed the FTR Gold recording of the July 7, 2026, Hearing with Magistrate Judge Farrer. Berrocal has failed to set forth sufficient facts to cause a well-informed, thoughtful and objective observer to question the court's impartiality. Berrocal's complaints fall within the category of courtroom administration efforts and ordinary admonishments that do not suggest personal bias or prejudice. *See Liteky*, 114 S. Ct. at 1157 ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). Furthermore, Berrocal's disagreement over legal rulings is not a ground for recusal. *See id*. ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.")

## III. Interlocutory Appeal

Berrocal also states he "hereby preserves his absolute right to seek an interlocutory appeal." *ECF No. 69* at 3. The Court interprets this as a declaration from Berrocal and notes no motion for leave to file an interlocutory appeal has been filed. The Court notes for Berrocal, however, the applicable standards for an interlocutory appeal.

Section 1292(b) permits a district court to certify an order for interlocutory appeal only if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This section provides for interlocutory appeals only in "exceptional cases." *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). District courts have "unfettered discretion to deny certification, even when all [statutory criteria] are satisfied." *Nieman v. City of Dallas*, No. 3:14-CV-3897-M, 2016 WL 470235, at *3 (N.D. Tex. Feb. 8, 2016) (citations omitted).

The Fifth Circuit has recognized that § 1292(b) review is appropriate "where the law is unsettled." *Martin v. Halliburton*, 618 F.3d 476, 488 (5th Cir. 2010). The issue for appeal, moreover, must involve a question of law and not fact. *Clark-Dietz and Assocs.–Eng'rs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (holding that "fact-review" issues are inappropriate for § 1292 review). Section 1292(b) "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (citation omitted).

## CONCLUSION

Accordingly, for the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, (*ECF No. 82*).

It is so ORDERED.

SIGNED this 28th day of August, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE